**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Telly Onturio Beasley,
Plaintiff,
v.
Equifax Incorporated,
Defendant.

No. CV-26-06390-PHX-JAT

**ORDER**

Pending before this Court is Plaintiff's motion to proceed in forma pauperis. (Doc. 2). In another case Plaintiff filed in this district, Judge Lanza denied Plaintiff's request to proceed in forma pauperis without prejudice. *Beasley v. TransUnion*, CV 26-6389-PHX-DWL (D. Ariz. Sept. 11, 2026).

In that case, Judge Lanza denied in forma pauperis status for the following reasons:

> The Court cannot find that Plaintiff has established the level of financial need that would allow Plaintiff to proceed in forma pauperis. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).
>
> Plaintiff alleges $0 in income and $0 in expenses, with only this cryptic explanation: "I do not incur 'income' as defined by IRS and my expenses are currently covered by a family trust." (Doc. 4 at 5.) Regardless of how the IRS may or may not define "income," the in forma pauperis application must establish that Plaintiff lacks the means to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. If Plaintiff's "family trust" covers all expenses, it is unclear whether the funds from this trust could also be used to pay the filing fee. Without explaining how much money

> Plaintiff can access monthly from the family trust, and without providing the required detailed list of Plaintiff's living expenses, Plaintiff has not provided the Court with sufficient information to make a poverty determination.

*Id*.

In this case, Plaintiff's in forma pauperis application (Doc. 2) mirrors the application filed in Judge Lanza's case. This Court agrees with Judge Lanza that Plaintiff has not established she should receive in forma pauperis status. As a result,

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff must file a new application to proceed in forma pauperis or pay the filing fee by September 30, 2026.

**IT IS FURTHER ORDERED** that the Clerk of Court, without further notice, shall dismiss this case without prejudice (and enter judgment accordingly) if Plaintiff fails to file a new application to proceed in forma pauperis or pay the filing fee by September 30, 2026.

Dated this 14th day of September, 2026.

James A. Teilborg
Senior United States District Judge